## Charles T. Doxey
### v.
## Tallmadge E. Spaids.

GAMING CONTRACT—RECOVERY OF CONSIDERATION PAID.—Where a person deposited with another a watch and chain as margins on a deal in grain, there being no intention on the part of either party that any grain was to be delivered or received, it is a gambling contract, and the articles so deposited · may be recovered by the owner in an action of trover.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed May 4, 1881.

Mr. J. D. ADAIR, for appellant; that the contract was not an illegal one, cited Pixley v. Boynton, 79 Ill. 351; Logan v. Musick, 81 Ill. 415; Corbett v. Underwood, 83 Ill. 324; Cole v. Milmine, 88 Ill. 349; Sutton v. Tatham, 37 E. C. L. 25; Sawyer v. Taggart, 14 W. P. D. Bush, 734; Clarke v. Foss, 7 Biss. 540.

Testimony outside the written contract, to show the intention of the parties, is not admissible: Raplee v. Morgan, 2 Scam. 561.

Margins are nothing more than sums deposited as liquidated damages: Gobble v. Linder, 76 Ill. 157; Reeves v. Stipp, 91 Ill. 609.

An instruction giving prominence to an isolated fact is erroneous: Yundt v. Hartrunft, 41 Ill. 9; Chittenden v. Evans, 41 Ill. 251; Frame v. Badger, 79 Ill. 441; C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; Protection Life Ins. Co. v. Dill. 91 Ill. 171.

Mr. CHARLES A. GREGORY, for appellee; that this was a gambling transaction and void, cited Webster v. Sturges, 7 Bradwell 560; Lyon v. Culbertson, 83 Ill. 33; Barnard v. Backhous, 6 N. W. Rep. 14; Pickering v. Cease, 79 Ill. 328.

It was a wager: Mer. Trans. Co v. Goodrich, 75 Ill. 554; Gregory v. King, 58 Ill. 169; Williams v. Wall, 60 Mo. 318;

Koch v. Branch, 44 Mo. 542 ; Lyle v. Lindsay, 5 B. Mon. 123; Popis, Adm'r v. McKinney, 3 B. Mon. 93.

An indorsment of a draft delivered to a winner on a gambling contract is void : Chapin v. Dake, 57 Ill. 295.

Evidence to show the real character of the contract is admissible ; Hewitt v. Dement, 57 Ill. 500 ; Cooper v. Nock, 27 Ill. 301 ; 1 Greenleaf's Ev. § 283.

McAllister, P. J.    This was an action of trover brought by appellee Spaids against appellant Doxey to recover of the latter the value of a gold watch-chain and other property, alleged to have been wrongfully converted by Doxey to his own use. There was a trial before the court and a jury, and verdict and judgment against the defendant.    He brings the case here on appeal.

The right of recovery was based upon the ground that Spaids lost said property in a gambling transaction with Doxey, the same having been put up as a margin in certain wagering contracts in grain, wherein there was no intention there should be an actual sale.    The transaction as disclosed by the evidence is the same identical matter involved in the case of the Commercial National Bank of Chicago v. Spaids.    We there discussed the questions of fact upon the same evidence substantially as contained in this record, and held that the evidence was sufficient to warrant the jury in finding the transaction to be gambling within the 130th section of the Criminal Code. We are of the opinion that the evidence in this record was not only sufficient to justify the jury in finding the same way upon that question, but also to find that the transaction was in reality one between Spaids on the one hand and Doxey individually on the other; and that the use of the name of the Chicago Grain and Provision Exchange—a corporation—in the contracts, was but a blind for gambling carried on by Doxey and his associate Murray.    No such subterfuge as that Doxey was but the agent of such corporation, and the corporation therefore, to be regarded as the winner of this property, and not himself can be made successful, and the statute be thus evaded.    The contracts were illegal and void, and no title

could thereby be vested in the corporation.  Doxey unquestionably, had the personal control of the property in question, when Spaids demanded it back of him and he refused to return it.  That was evidence of a wrongful conversion by him.  But the evidence given of conversations between Spaids and him, and the fact that he made out the account in his own individual name, tend to show he was the real party, and the action well brought against him.

We think the verdict was right and perceiving no error in the giving or refusing instructions, the judgment will be affirmed.

Affirmed.